**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
In re:

WASHINGTON HEIGHTS PARKING, LLC

Debtor.
------------------------------------------------------------------------X

Chapter 11

Case No. 15-11687 (MG)

## STIPULATION AND ORDER

**WHEREAS,** Washington Heights Parking, LLC. ("WHPL") the debtor and debtor in possession herein ("Debtor"), filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on June 26, 2015 (the "Petition Date"), and has remained in the possession of its property and in the management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

**WHEREAS,** prior to the Petition Date, Maria Aguilar ("Plaintiff"), by her attorneys The Yankowitz Law Firm, commenced an action in the Supreme Court of the State of New York, County of Bronx, Index # 22603/15E (the "State Court Action") against the Debtor , WHPL, and ALLIANCE PARKING SERVICES, LLC, ALLIANCE PARKING MAINTENANCE, LLC, AND STAPLES, INC. (the "Defendants"), alleging that the Debtor and the Defendants are liable to the Plaintiff for certain injuries suffered by the Plaintiff; and

**WHEREAS,**  the debtor, WHPL, consents to an order granting relief from and providing for modification of the automatic stay imposed by section 362(a) of title 11 of the United States Code in order for plaintiff, Maria Aguilar, to pursue the State Court Action;

**WHEREAS,** WHPL's defense costs in connection with the aforesaid State Court  Action are covered and paid by that certain Allied World Assurance Policy (Policy # 0308-3933- primary policy, and excess umbrella liability policies with National Union Fire Insurance Co., Great American Insurance Co. of NY, Ohio Casualty, and Markel American Insurance Co. See Annexed) (the "Policy"), under which Policy the Debtor is Insured (as defined in the Policy), and not from the

Debtors' assets, and the limit available under the Policy is not eroded with the payment of expenses, including legal fees;

**WHEREAS,** the modification of the automatic stay provisions of the Bankruptcy Code in order to allow the prosecution of the State Court Action is the most economical means of liquidating the alleged claim held by the plaintiff, Maria Aguilar, against WHPL;

**WHEREAS,** the parties desire to resolve their disputes without the need for litigation in Bankruptcy Court, it is

**HEREBY STIPULATED AND AGREED,** by the attorneys for the Debtor, and plaintiff, Maria Aguilar, the Defendants and the Plaintiff, that:

1. Upon the approval of this Stipulation by the Bankruptcy Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to permit the Plaintiff , Maria Aguilar, to continue the State Court Action to judgment or other resolution to determine the liability, if any, with respect thereto.  Any judgment awarded the Plaintiff against the Debtor or any settlement reached as it relates to the Debtor shall be recovered only against the proceeds of the Debtor's available insurances (the "Policy") which was in effect at the time of the claim.

2. The Plaintiff hereby waives, relinquishes and discharges any direct claim or recovery against the Debtor or the assets or property of the Debtor's estate other than the Debtor's available insurances, (the "Policy") as a result of any judgment rendered or settlement reached in the State Court Action.

3. Except as expressly set forth herein, the provisions of the automatic stay, including without limitation, those provisions prohibiting execution, enforcement, or collection of any judgment that may be obtained against the Debtor from and against any assets or property of the estate (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect. Neither Plaintiff nor any of her agents shall take any action or attempt to cause any action to be taken to collect all or any portion of any judgment obtained or settlement reached from the assets

and property of the Debtor or the Debtor's estate, without prejudice to Plaintiff's rights of recovery from the Debtor's available insurance, which was in force at the time of the claim.

    4.    The Bankruptcy Court shall retain jurisdiction to resolve any matters, claims, rights or disputes between the parties arising or related to this Stipulation and Order and the implementation of this Order.

Dated:    GREAT NECK, NY
           October 27, 2015

| /s/Gary B. Sachs | /s/ Jack A. Yankowitz |
|---|---|
| Gary B. Sachs, Esq. | Jack A. Yankowitz |
| Sachs & Associates, PLLC | Yankowitz Law Firm P.C. |
| 20 Crescent Drive | 175 East Shore Road |
| Albertson, New York 11507 | Great Neck, NY 11023 |
| Telephone: (516) 396-0129 | Telephone: (516) 622-6200 |
| Facimile: (516) 227-1857 | Facsimile: (516) 829-4344 |
| E-mail: GSachs43@gmail.com | E-mail: Yankowitzlaw@aol.com |
| *Counsel for Debtor and Debtors in Possession* | *Counsel for Maria Aguilar* |

**IT IS SO ORDERED.**
Dated: November 13, 2015
       New York, New York

                                    **/s/Martin Glenn**
                                      MARTIN GLENN
                             United States Bankruptcy Judge